PAUL L. REIN, Esq. (SBN 43053)
JULIE A. OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorneys for Plaintiff
ROBERT ATTEBERY

CHARLES L. POST, Esq. (SBN 160443)
LIZBETH V. WEST, Esq. (SBN 207137)
WEINTRAUB GENSHLEA CHEDIAK
A Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
(916) 558-6000

Attorneys for Defendants
AUBURN LAKE TRAILS PROPERTY
OWNERS ASSOCIATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ATTEBERY, | No. 2:06-cv-01459-MCE-KJM |
| Plaintiff, | Civil Rights |
| v. | |
| AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION; and DOES 1 through 100, Inclusive, | **SETTLEMENT AGREEMENT AND ORDER REGARDING INJUNCTIVE RELIEF** |
| Defendants. | |

**SETTLEMENT AGREEMENT AND ORDER**

1. Plaintiff ROBERT ATTEBERY ("Plaintiff") filed a Complaint in this action on June 29, 2006, to obtain personal injury damages and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION ("ALT POA"); and DOES 1-25, inclusive, relating to the condition of certain common facilities and common areas at the private gated community known as Auburn Lake Trails where Plaintiff lives and is a member of the Association.

1   Plaintiff has alleged that Defendant ALT POA violated Title III of the ADA and sections 51,
2   52, 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.,* of the California
3   Health and Safety Code by failing to provide full and equal access to certain common facilities
4   and common areas at Auburn Lake Trails located in Cool, County of El Dorado, California.
5       2.    ALT POA denies the allegations in the Complaint (and particularly denies that it
6   is a "public accommodation" under the ADA or under California's Disabled Persons Act (Civil
7   Code section 54.1) or Health & Safety Code section 19955, et. seq.), and by entering into this
8   Settlement Agreement and Order does not admit liability to any of the allegations in Plaintiff's
9   Complaint filed in this action.  The parties hereby enter into this Settlement Agreement and
10  Order for the purpose of resolving this lawsuit without the need for protracted litigation, and
11  without the admission of any liability.

**JURISDICTION:**

14      3.    The parties to this Settlement Agreement agree that the Court has jurisdiction of
15  this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities
16  Act of 1990, 42 USC 12101 *et seq*. and pursuant to supplemental jurisdiction for alleged
17  violations of California Health & Safety Code §19955 *et seq*., including §19959; Title 24
18  California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.
19      4.    In order to avoid the costs, expense, and uncertainty of protracted litigation, the
20  parties to this Settlement Agreement agree to entry of this Order to resolve all claims regarding
21  injunctive relief raised in the Complaint filed with this Court.  Accordingly, they agree to the
22  entry of this Order without trial or further adjudication of any issues of fact or law concerning
23  plaintiff's claims for injunctive relief.
24      WHEREFORE, the parties to this Settlement Agreement hereby agree and
25  stipulate to the Court's entry of this Settlement Agreement and Order, which provides as
26  follows:
27  ///
28  ///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Settlement Agreement and Order: Case No. CIV-S06-1459 MCE/KJM**

{0478/15375/LVW/1021021.DOC;}
- 2 -

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.  The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Settlement Agreement and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed pursuant to the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Settlement Agreement and Order.

a) <u>Remedial Measures</u>: The corrective work agreed upon by the parties is attached hereto as **Attachment A**, which is incorporated by reference as if fully set forth herein. Defendant ALT POA agrees to undertake all of the remedial work set forth therein.

b) <u>Timing of Injunctive Relief</u>:  Defendant ALT POA will submit plans for all corrective work to the appropriate governmental agencies within sixty (60) days of entry of this Settlement Agreement and Order by the court, and will complete all work that requires a permit, within one (1) year from the date of entry of this Settlement Agreement and Order by the court, unless such time period has been extended by the parties pursuant to the renegotiation provisions outlined in Attachment A.  For work not requiring building permits, the work will be completed within six (6) months from the date of entry of this Settlement Agreement and Order by the court.  In the event that unforeseen difficulties prevent defendants from completing any of the agreed-upon injunctive relief, ALT POA or its counsel will notify plaintiff's counsel in writing within twenty (20) days of discovering the delay and the parties agree to discuss and renegotiate the scope of the work and timeline for completion pursuant to the renegotiation provisions outlined in Attachment A.  Defendant ALT POA, or its counsel, will notify plaintiff's counsel when the corrective work is completed.

///

///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Settlement Agreement and Order: Case No. CIV-S06-1459 MCE/KJM**

{0478/15375/LVW/1021021.DOC;}
- 3 -

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

7. The parties have fully settled and resolved Plaintiff's claim for damages, attorney's fees, litigation expenses and costs by way of a separate settlement agreement entered into concurrently with this Settlement Agreement and Order, in which Plaintiff has agreed to release all claims against ALT POA and dismiss the lawsuit with prejudice in exchange for the agreed upon settlement payment.

**ENTIRE AGREEMENT AND ORDER**:

8. This Settlement Agreement and Order and Attachment A to this Settlement Agreement, which is incorporated herein by reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Settlement Agreement and Order, shall be enforceable regarding the matters of injunctive relief described herein.  This Settlement Agreement and Order applies to plaintiff's claims for injunctive relief only and does not resolve plaintiff's claims for damages, attorney fees, litigation expenses and costs, which are the subject of a separate written agreement.

**ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

9. This Settlement Agreement and Order shall be binding on Plaintiff ROBERT ATTEBERY; Defendant AUBURN LAKE TRAILS PROPERTY OWNERS ASSOCIATION; and any successors in interest.  The parties have a duty to so notify all such successors in interest of the existence and terms of this Settlement Agreement and Order during the period of the Court's jurisdiction of this Settlement Agreement and Order.

///
////
///
///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Settlement Agreement and Order: Case No. CIV-S06-1459 MCE/KJM**

{0478/15375/LVW/1021021.DOC;}
- 4 -

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Settlement Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Settlement Agreement is signed.  Except for all obligations required in this Settlement Agreement, the parties intend that this Settlement Agreement apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Settlement Agreement. Therefore, except for all obligations required in this Settlement Agreement, this Settlement Agreement shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Settlement Agreement with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action <u>only</u> and does not include resolution of plaintiff's claims for damages, attorney fees, litigation expenses and costs, which have been fully settled under a separate settlement agreement entered into concurrently herewith.

11. Except for all obligations required in this Settlement Agreement, and exclusive of the referenced claim for damages, statutory attorney fees, litigation expenses and costs, which have been fully settled under a separate settlement agreement entered into concurrently herewith, each of the parties to this Settlement Agreement, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

{0478/15375/LVW/1021021.DOC;}

**Settlement Agreement and Order: Case No. CIV-S06-1459 MCE/KJM**                - 5 -

1 carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands,
2 actions, and causes of action of whatever kind or nature, presently known or unknown, arising
3 out of or in any way connected with the Lawsuit.

5 **TERM OF THE SETTLEMENT AGREEMENT AND ORDER**:

6    12. This Settlement Agreement and Order shall be in full force and effect for a
7 period of twelve (12) months after the date of entry of this Settlement Agreement and Order, or
8 until the injunctive relief contemplated by this Order is completed, whichever occurs later.  The
9 Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12)
10 months after the date of this Settlement Agreement, or until the injunctive relief contemplated
11 by this Order is completed, whichever occurs later.

13 **SEVERABILITY**:

14    13. If any term of this Settlement Agreement and Order is determined by any court
15 to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless
16 remain in full force and effect.

18 **SIGNATORIES BIND PARTIES**:

19    14. Signatories on the behalf of the parties represent that they are authorized to bind
20 the parties to this Settlement Agreement and Order.  This Settlement Agreement and Order may
21 be signed in counterparts and a facsimile signature shall have the same force and effect as an
22 original signature.

23 Dated: March 10, 2008

24            /s/ Robert Attebery
           Plaintiff ROBERT ATTEBERY

26 Dated: March 11, 2008

27            /s/ Carol Wade, President
           Defendant AUBURN LAKE TRAILS
           PROPERTY OWNERS ASSOCIATION

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

{0478/15375/LVW/1021021.DOC;}

**Settlement Agreement and Order: Case No. CIV-S06-1459 MCE/KJM**   - 6 -

APPROVED AS TO FORM:

Dated: March 17, 2008                         PAUL L. REIN
                                              JULIE A. OSTIL
                                              ANN M. WINTERMAN
                                              LAW OFFICES OF PAUL L. REIN


                                              /s/ Julie Ostil
                                              Attorneys for Plaintiff
                                              ROBERT ATTEBERY


Dated: March 13, 2008                         CHARLES L. POST
                                              LIZBETH V. WEST
                                              WEINTRAUB GENSHLEA CHEDIAK


                                              /s/ Lizbeth V. West
                                              Attorneys for Defendant
                                              AUBURN LAKE TRAILS PROPERTY
                                              OWNERS ASSOCIATION


## **ORDER**

Pursuant to settlement agreement of the parties as set forth above, and for good cause shown, **IT IS SO ORDERED**.

DATED: March 18, 2008

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

{0478/15375/LVW/1021021.DOC;}                                                           - 7 -
                                                       c:\ifolder\mengland\home\to docket civil\06cv1459.o.0318.doc